IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Criminal No. RDB-09-0272 |
| DESHON JOHNSON, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Defendant Deshon Johnson ("Defendant" or "Johnson"), proceeding *pro se*, was sentenced on November 24, 2009 to a period of 180 months' imprisonment after pleading guilty to one count of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d). (Judgment & Commitment Order ("J&C"), ECF No. 64.) Johnson is currently incarcerated at United States Penitentiary ("USP") Lee in Jonesville, Virginia. Presently pending is Johnson's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 121.) A hearing is not necessary to resolve the Motion. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Johnson's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 121) is DENIED without prejudice because Johnson has failed to demonstrate that he fully exhausted his administrative remedies.

A prisoner may request a reduction in sentence to time served—sometimes called compassionate release—for "extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Before the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP")

with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i). As Judge Blake of this Court has recognized, the First Step Act authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020).

Johnson has failed to demonstrate that he exhausted his administrative remedies. On April 20, 2020, Johnson, proceeding *pro se*, filed the presently pending Motion for Compassionate Release, citing generally his concerns over the COVID-19 Pandemic within the Bureau of Prisons in addition to concern for his family at home. (ECF No. 121.) On April 22, 2020, the Clerk of this Court mailed Johnson a letter informing him of the required procedures to pursue his Motion for Compassionate Release, including filing a request with the warden of his institution pursuant to 18 U.S.C. § 3582(c)(1)(A) and providing relevant medical records if his release is sought based on a health condition. (ECF No. 122.) Johnson

did not file any response. Johnson has failed to provide any indication that he attempted to exhaust his remedies before seeking relief from this Court. Specifically, Johnson has not demonstrated that he petitioned the Bureau of Prisons for release and that 30 days have elapsed. Accordingly, his Motion is premature.

Even if Johnson had exhausted his administrative remedies, he does not identify any extraordinary and compelling reason to justify his release. Johnson's Motion raises general concerns over the COVID-19 Pandemic and the spread of COVID-19 in prison. (*See* ECF No. 121.) He also cites concern for his family at home and his having completed over 80% of his sentence. (*Id.*) Johnson does not, however, make any particular complaints about his own medical conditions nor has he provided any evidence that he is particularly susceptible to COVID-19. While the public health emergency created by COVID-19 is certainly a concern for all those in detention facilities, "[f]ear of contracting the novel coronavirus while incarcerated is not sufficient reason for granting compassionate release." *See United States v. Taylor*, No. ELH-13-269, 2020 WL 3447761, at *6 (D. Md. June 23, 2020) (denying without prejudice compassionate release for failure to exhaust administrative remedies and also noting that defendant failed to identify any extraordinary and compelling reason to justify release).

Accordingly, it is HEREBY ORDERED this 7th day of July, 2020 that Defendant's Motion for Compassionate Release (ECF No. 121) is DENIED without prejudice.

_____/s/_____
Richard D. Bennett
United States District Judge